Filed 5/18/21  Bou v. Velasquez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHANG H. BOU, et al.<br><br>      Plaintiffs and Appellants,<br><br>v.<br><br>JUAN VELASQUEZ et al.,<br><br>      Defendants and Respondents. | B294094<br><br>(Los Angeles County<br>Super. Ct. No. BC646387) |

APPEAL from an order of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Affirmed.

Chang H. Bou and Jung J. Bou, in pro. per., for Plaintiffs and Appellants.

Michael T. Stoller for Defendants and Respondents Juan Velasquez and Camerino Islas, individually and in their capacities as co-trustees of the Verdugo 2006 Equity Trust and the Hamilton 2009 Trust, and Equity Assurance Group.

Peng Gao for Defendants and Respondents Aiguo Zhang and Li Wang.

Plaintiffs and appellants Chang H. Bou (Mr. Bou) and Jung J. Bou (Mrs. Bou), in propria persona, appeal a postjudgment order that denied their motion pursuant to Code of Civil Procedure section 473, subdivision (b), to set aside a judgment dismissing their lawsuit.[1]

The Bous filed their motion to set aside the judgment five and one-half months after entry of the judgment of dismissal. We conclude the trial court properly found that the Bous' delay in bringing the motion was unreasonable, and therefore affirm the order denying the motion to set aside the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 11, 2017, Mr. and Mrs. Bou filed suit alleging the following eight causes of action: (1) legal malpractice; (2) breach of fiduciary duty; (3) breach of written contract; (4) declaratory relief; (5) breach of written contract; (6) specific performance; (7) accounting; and (8) breach of the implied covenant of good faith and fair dealing.

a. *Dismissal of the first three causes of action.*

The first three causes of action, by Mr. Bou alone, were asserted against W. Dan Lee, an individual, and Lee Offices (collectively, the Lee Parties). On September 11, 2017, the trial court sustained their demurrer based on Mr. Bou's lack of standing to bring those claims, with 10 days leave to amend. On September 29, 2017, no amendment having been filed, the trial

---

[1]     All undesignated statutory references are to the Code of Civil Procedure.

court entered a judgment of dismissal in favor of the Lee parties with respect to the first through third causes of action.

        b. *Dismissal of the fourth through eighth causes of action of the complaint.*

The fourth through eighth causes of action of the Bous' complaint were asserted by Mrs. Bou alone, in her capacity as a trustee of the Sage Property Trust (the Sage Trust). The named defendants in those causes of action were: Juan Velasquez, also known as J.C. Velasquez (Velasquez), individually and as a trustee of the Verdugo 2006 Equity Trust (the Verdugo Trust) and the Hamilton 2009 Trust (the Hamilton Trust); Camerino Islas (Islas), individually and as a trustee of the Hamilton Trust and the Verdugo Trust; Equity Assurance Group, a general partnership (Equity); Li Wang (Wang); and Aiguo Zhang (Zhang).[2]

Islas filed an answer to the complaint, while defaults were entered against Velasquez, Wang and Zhang.

On February 9, 2018, the trial court granted an unopposed motion for judgment on the pleadings on res judicata grounds in favor of the movants, i.e., Islas individually and in his capacity as trustee, and Equity.

On the same date, the trial court ordered the Bous to submit default packages against the defaulted defendants, Velasquez, Wang, and Zhang, by February 22, 2018, or the action against them would be dismissed for lack of prosecution. The Bous failed to comply with the court's order.

---

[2]    On August 3, 2017, Islas filed a cross-complaint against the Bous. The cross-complaint ultimately was dismissed and is not at issue herein.

3

On March 1, 2018, pursuant to the grant of the motion for judgment on the pleadings, as well as the Bous' failure to prosecute the action against the defaulted defendants, the trial court entered a judgment dismissing with prejudice the fourth through eighth causes of action.

  c. *The Bous' unsuccessful motion to set aside the judgment of dismissal.*

On August 16, 2018, five and one-half months after entry of the judgment of dismissal, the Bous filed a motion to set aside the March 1, 2018 judgment of dismissal pursuant to section 473, subdivision (b) and section 473.5. They contended the motion was timely because they had not served with written notice of the judgment of dismissal. They also asserted, in conclusory fashion, that they have valid allegations and claims against the defendants, and that the policy of the law is that controversies should be resolved on their merits.

On September 28, 2018, the matter came on for hearing. The trial court denied the motion to set aside the dismissal, stating: "Lack of actual notice of the judgment of dismissal is not grounds to set aside the ruling which caused the judgment to issue. On 2/8/18, [the trial court] determined that the Complaint against Defendant Islas was barred by the doctrine of res judicata. Plaintiffs' motion comes on 8/16/18, more than 6 months after this determination, and therefore outside the ambit of CCP §§ 473 and 473.5. As to the defaulted defendants, [the trial court] ordered Plaintiffs to submit default packages against the defaulted Defendants on 2/8/18. Plaintiffs submit no evidence that they were ignorant of this order. Nevertheless, Plaintiffs did not submit the required packages, and they offer no reason either for their failure to do that, or their failure to be diligent in

4

making the instant motion sooner. For these reasons, the motion is DENIED."

On November 26, 2018, a timely notice of appeal was filed from the September 28, 2018 order.

## CONTENTIONS

The Bous contend the trial court erred in denying their motion under section 473 as untimely because the motion, filed on August 16, 2018, was brought less than six months after entry of the judgment of dismissal on March 1, 2018.[3] They further contend the error was prejudicial because absent the error, the judgment of dismissal would have been set aside and the matter would have been resolved on the merits.[4]

## DISCUSSION

1. *Procedural issues.*

a. *The scope of the appeal is limited to the September 28, 2018 order denying the motion to set aside the dismissal.*

Appellants argue the trial court erred in granting Islas's motion for judgment on the pleadings because the complaint is not barred by res judicata.

However, as this court noted in its March 12, 2020 order denying a motion to dismiss the appeal as untimely, the appeal was taken from the September 28, 2018 order denying the motion

---

[3] Although the Bous' motion below was based on both section 473, subdivision (b), and section 473.5, their appellate briefs do not appear to rely on the latter statute.

[4] We previously deferred ruling on a motion to augment the record with documents appended to the appellants' opening brief. We now deny the motion to augment with respect to Exhibit D, which does not appear to have been filed in the matter in the court below, and otherwise grant the motion.

5

to set aside the judgment, not the March 1, 2018 judgment that was entered following the grant of the motion for judgment on the pleadings.  Therefore, our review is confined to the September 28, 2018 order that was specified in the notice of appeal.

b.  *The parties to the appeal:  we construe the notice of appeal to include Mrs. Bou as an appellant.*

The appellants' opening brief and the reply brief, both of which were authored by Mr. Bou in propria persona, identify both Mr. Bou and Mrs. Bou as appellants.  However, the notice of appeal was filed by Mr. Bou alone.  Given this state of the record, on March 12, 2021, this court requested briefing with respect to why Mrs. Bou "should or should not be deemed an appellant in this matter."

*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875 (*K.J.*), is on point.  There, a litigant's notice of appeal from a sanctions order was construed to include a sanctioned attorney, whose name was omitted from the notice of appeal.  (*Id.* at pp. 885-890.)  The Supreme Court concluded "that a reviewing court must construe a notice of appeal from a sanctions order to include an omitted attorney when it is reasonably clear that the attorney intended to join in the appeal, and respondent was not misled or prejudiced by the omission."  (*Id.* at p. 885.)  Guided by *K.J.*, we conclude that although Mrs. Bou's name did not appear in the notice of appeal, the notice of appeal should be construed to include her as an appellant because it is reasonably clear that she intended to join in the appeal, and respondents were not misled or prejudiced by the omission.  (*Id.* at pp. 885-890.)[5] [6]

---

[5]	Respondents have not shown that they were misled or prejudiced by the omission, and in fact, they did not respond to this court's invitation to brief the issue.

6

We now turn to the merits of the appeal.

2. *The trial court acted within its discretion in finding that the motion for relief under section 473, subdivision (b), was untimely.*

a. *Governing principles.*

Section 473 provides in relevant part at subdivision (b): "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made *within a reasonable time,* in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (Italics added.)

The party seeking relief under section 473 must be diligent. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258; accord, *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1420 ["threshold requirement for relief is the moving party's diligence"].) As the statute itself provides, "application for relief 'shall be made *within a reasonable time,* in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken.' " (*Huh v. Wang*, at p. 1420, original italics.) What constitutes a reasonable time in any case depends upon the circumstances of that particular case, and is a question of fact for the trial court. (*Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 33 (*Minick*).) A delay is unreasonable as a matter of law

---

[6]    Bearing in mind that Mr. Bou, a nonattorney, cannot represent Mrs. Bou in this matter, we deem her a co-author of their appellate briefs.

7

when it exceeds three months and there is no evidence to explain the delay.  (*Id*. at p. 34.)

We review the trial court's finding that the Bous did not file their motion within a reasonable time for an abuse of discretion.  (*Minick*, *supra*, 3 Cal.App.5th at p. 33.)  Although an order denying relief under section 473, subdivision (b) is scrutinized more carefully than an order permitting trial on the merits, our review nonetheless is "highly deferential."  (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.)

b.  *The trial court did not abuse its discretion in finding the Bous' motion for relief under section 473, subdivision (b), was untimely.*

In their moving papers in the court below, the Bous did not even address whether their motion was timely under section 473, subdivision (b).  They merely argued the motion to set aside the dismissal was timely because it was brought within the time prescribed in section 473.5, subdivision (a) [two years after entry of a default judgment or 180 days after service of notice of entry of a default or default judgment].  Given the Bous' failure to present any legal argument, let alone any declarations or other evidence, to establish that the five and one-half month interval between the dismissal and the motion to set it aside under section 473 was reasonable, we perceive no abuse of discretion in the trial court's ruling against them on this issue.

In their opening brief on appeal, the Bous contend their motion under section 473 was timely because it was filed five and one-half months after entry of the judgment of dismissal, and therefore the motion was filed within the six-month deadline. This argument is meritless because, as we have stated, six months is merely the *outer* limit to file the motion.  To reiterate,

8

section 473, subdivision (b), requires the motion to be filed "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." Therefore, the bare fact the motion was filed within the six-month period does not render the motion timely.[7]

Further, we note that in their moving papers below, the Bous contended their motion was timely because they had not been served with written notice of the March 1, 2018 judgment of dismissal. However, as the trial court found, irrespective of whether the Bous had actual notice of the March 1, 2018 judgment of dismissal, by that date they were already on notice that their case was headed for dismissal. As indicated, several weeks earlier, on February 9, 2018, the trial court granted the motion for judgment on the pleadings and ordered that a judgment of dismissal be entered in favor of the movants. On February 9, 2018, the court also ruled that unless the Bous submitted a default package against the defaulted defendants by

---

[7] In their appellants' reply brief, the Bous assert, without citation to the record, that they filed the motion to set aside the dismissal "*just four and a half months* after learning of the judgment of dismissal in the office of [their] former attorney while picking up two boxes of case files." (Italics added.) However, points raised for the first time in a reply brief on appeal will not be considered, absent good cause for failure to present them earlier. (*Nordstrom Com. Cases* (2010) 186 Cal.App.4th 576, 583.) Moreover, even if this unsupported new explanation were credited, a four and one-half month delay in bringing the motion after learning of the dismissal does not constitute diligence in moving for relief.

9

February 22, 2018, the action would be dismissed as against the defaulted defendants.[8]

In seeking to set aside the dismissal, the Bous did not submit any evidence that they were unaware of the February 9, 2018 order that put their case on track for dismissal. Therefore, the trial court properly found that irrespective of whether the Bous had actual notice that a judgment of dismissal had been entered on March 1, 2018, they were aware of the existence of the February 9, 2018 order and its potential consequences, but were not diligent in moving for relief under section 473. There was no abuse of discretion.

---

[8] In fact, the record reflects that as early as June 14, 2017, the trial court warned the Bous at a case management conference of a potential dismissal of the defaulted defendants.

## DISPOSITION

The September 28, 2018 order denying the Bous' motion to set aside the judgment of dismissal is affirmed. Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED**

KALRA, J.*

We concur:

EDMON, P.J.

LAVIN, J.

_____

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11